Mason, J.
This is an action of contract brought by the plaintiff against the defendants, Francis C. Tourville, Robert J. Carrigan and Frank D. Tourville, co-makers, to recover the balance due on a promissory note.
The defendant, George R. Laroche, was defaulted. The defendants, Francis C. Tourville, Robert J. Carrigan and Frank D. Tourville, co-makers on the note, are the appellants.
The plaintiff’s declaration alleges a balance of four hundred sixty ($460.00) dollars due on a promissory note dated April 26, 1939, together with a ten per cent attorney’s fee for collection, forty-six dollars and fifty cents ($46.50).
The defendants’ answer was a general denial, payment, that the signatures were forged and therefore the note was null and void, that the plaintiff raised the amount of said *306 note for three hundred fifty dollars ($350.00) to seven hundred fifty dollars ($750.00), that the plaintiff was not a holder in due course, and that while the plaintiff is a holder for value, for the agreed amount of said note, that is the sum of three hundred fifty dollars ($350.00), it is not a holder for value in due course having purchased the note with notice on its face, that it was in an inchoate state and that it was put upon inquiry as to the authority of Laroche to complete it.
There was evidence tending to show that the defendant, Laroche, secured from the plaintiff a blank application form together with a collateral note form which also was in blank, save for the figures “$750.00” which the plaintiff and the defendant, Laroche, testified were written with lead pencil on the upper left-hand corner of said collateral note form.
The defendant, Laroche, testified that he took the aforesaid forms to the defendants, Francis C. Tourville, Robert J. Carrigan and one Wilfred Fournier (said Wilfred Fournier not being named a party defendant herein) and that he, Laroche, secured their signatures to the said note as co-makers and that he then took the note back to the plaintiff who insisted on another co-maker; that Laroche then took the note to Frank D1. Tourville for his signature and that Laroche later returned it, in its incomplete form, to the plaintiff.
The defendants, Ffank D. Tourville, Robert J. Carrigan and Francis C. Tourville and the said Wilfred Fournier testified that there was nothing written on the note when they signed the same other than the figures “$350.00” written with lead pencil on the upper left-hand corner of the said note and that they never authorized Laroche or anyone else to fill in the note for an amount other than three hundred fifty dollars ($350.00).
*307 The plaintiff and the defendant, Laroche, testified that Laroche after securing all the signatures, returned the note to the plaintiff and that it contained only the aforesaid signatures and the figures “$750,00” written in lead pencil in the upper left-hand corner of the said note, in the handwriting of John Zielinski, treasurer of the plaintiff, and otherwise was incomplete.
Both parties presented requests for rulings. The Trial Court refused the following rulings requested by the defendants—
1. That on the law the plaintiff is not entitled to recover more than the balance due on the agreed amount of said note which was three hundred fifty ($350.00) dollars.
4. There is evidence that the figure $350 was written in said note and that the same had been erased.
6. While the plaintiff may be a holder for value, it is not a holder in due course and having purchased the note with notice upon its face that when delivered by the maker it was in an inchoate state, it was put upon inquiry as to the authority of Laroche, and the defendants are not bound by the note in the plaintiff’s possession.
The Trial Court granted the plaintiff’s first and second requests—
1. Where a negotiable instrument is wanting in any material particular the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. A signature on a blank paper delivered by the person making the signature, in order that the paper may be converted into a negotiable instrument, operates as a prima facie authority to fill it up as such for any amount. If such an instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up- strictly in *308 accordance with the authority given, and within a reasonable time. Section 36: Chap. 107.
2. If the payee named in a promissory note purchases it in complete form for value before maturity in good faith and without notice of any infirmity in title or otherwise, he is a person to whom it has been negotiated as a holder in due course, notwithstanding it was signed in blank by the party to be charged, whose instructions as to the filling of blanks have not been fol- • lowed by the one to whom it was intrusted in its incomplete state.
Liberty Trust Co. v. Tilton, 217 Mass. 462; 105 NE 605.
The Court made a finding of facts as follows: “I find that the note, when signed by the defendants, bore the pencil figures $750.00 in the left-hand upper corner; the note was completed by the insertion, by the plaintiff of the pencilled figures $750.00 in typewriting together with other material and thus completed. I find for the plaintiff in the sum of $506.00.”
We assume that the plaintiff is bound by its undisputed testimony that this note was presented to it in incomplete form, and that it was completed by the plaintiff’s attorney. The finding of the Trial Court is in accord with this assumption. The Trial Court also finds in favor of the plaintiff that the defendants understood that the amount to be filled in was $750. and not $350. as claimed by the defendants. This is equivalent to a finding that the note was completed in the form authorized by the defendants, and was therefore binding on them.
With this finding of fact it was not error to refuse the defendants’ first request for a ruling, which is obviously only a request for a finding of fact.
*309 The defendants’ fourth request should have been granted. As already stated at some length in the statement of evidence, three of the defendants expressly testified that the amount written on the note was $350. It is probable that the Trial Court intended simply to make a finding of disbelief in this testimony. Nevertheless it was error to rule that there was no such evidence.
The refusal of the defendants’ sixth request and the granting of the plaintiff’s first and second requests, show that the Trial Court ruled that the plaintiff was a holder in due course.
G-. L. (Ter. Ed.) c. 107 sect. 75 defines a holder in due course. One of the conditions is that the instrument “is complete and regular on its face.” A note presented to the plaintiff as this note was, and completed by the plaintiff’s attorney, is not complete and regular within the above definition.
We cannot say that the decision of the Trial Court was not influenced by these erroneous rulings. A new trial is granted.